UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:97-cr-00056-SEB-MG-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE) |
| RICHARD ROBINSON | |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:97-cr-56-SEB-MG-1 |
| ) | |
| RICHARD ROBINSON, ) | |
| ) | |
| Defendant. ) | |

**ENTRY DENYING MOTION FOR COMPASSIONATE RELEASE**

Defendant Richard Robinson has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 38. For the reasons explained below, his motion is **DENIED**. The Government has requested an opportunity for further briefing. Dkt. 44 at 2. That request is **DENIED.**

## I. Background

In 1997, a jury found Mr. Robinson guilty of one count of armed bank robbery (Count 1), and one count of use of firearm during a crime of violence (Count 2). Mr. Robinson also plead guilty to one count of armed bank robbery (Count 3), and one count of use of firearm during a crime of violence (Count 4). Dkt. 1 at 4. According to the presentence investigation report, on April 8, 1997, Mr. Robinson entered a bank in Anderson, Indiana. Dkt. 45-1 at 3. Armed with a handgun and wearing a face covering, Mr. Robinson jumped over the counter, put a bag down, and demanded money. *Id.* Mr. Robinson took $5134 from two teller stations and ran out of the bank. *Id.* at 4. On April 18, 1997, Mr. Robinson entered a bank in Fishers, Indiana. *Id.* Similar to the previous robbery, Mr. Robinson jumped over the counter while armed with a handgun and demanded money. *Id.* Mr. Robinson left the second bank with $8125. *Id.* Mr. Robinson was

2

detained after fleeing from law enforcement and leading them on a high-speed chase (over 100 miles per hour) which ended only after Mr. Robinson's vehicle was disabled by stop sticks. *Id.*

When Mr. Robinson was sentenced in 1997, he faced a guidelines sentence of 100 to 125 months with a mandatory minimum sentence on Count 2 of five years and twenty years on Count 4, consecutive to all other counts. Dkt. 45-1 at 15. The Court imposed a sentence of 120 months on Counts 1 and 3 to be served concurrently with consecutive sentences of 5 years and 20 years on Counts 2 and 4, respectively. The BOP currently lists his anticipated release date as November 1, 2027. https://www.bop.gov/inmateloc/ (last visited May 31, 2024).

Mr. Robinson previously moved for compassionate release arguing that a change in the law constituted an extraordinary and compelling reason for release. Dkts. 11, 22. The Court denied the motion finding that Seventh Circuit precedent precluded the Court from finding that an extraordinary and compelling reason existed based on a change in the law and the Court did not make a finding on the § 3553 sentencing factors. Dkt. 30. In his current motion, Mr. Robinson contends once again that he has established an extraordinary and compelling reason because a change in the law has produced a disparity between the sentence he is serving and the sentence he would receive today. Dkt. 38 at 25. The United States has filed an opposition to the motion, dkt. 44, and Mr. Robinson filed two reply briefs, dkts. 47, 48. The motion is now ripe for the Court's consideration.

The Government requests an opportunity to further supplement its briefing in order to address issues it chose to omit from its response brief. Dkt. 44 at 2. The Court denies this request. The Government's request to supplement its prior brief reflects an excess of caution. The Court is sufficiently apprised of the parties' positions to proceed to a disposition of the pending motion. Accordingly, the Government's request for an opportunity to undertake further briefing is **denied.**

## II.
## Legal Background

We reach back into history to explain the context of the issues raised by Defendant in his most recent motion for compassionate release based on an alleged disparity between current sentencing law and that in effect at the time of his conviction. Prior to 1984, "the Federal Government employed in criminal cases a system of indeterminate sentencing" with wide sentencing boundaries for trial judges who exercised "almost unfettered discretion" *Tapia v. United States*, 564 U.S. 319, 323 (2011) (quoting *Mistretta v. United States,* 488 U.S. 361, 363 (1989)). This model fell into disfavor due to doubts that existing prison programs were able to rehabilitate offenders and because of large sentencing disparities among similarly situated defendants. *Id.* at 324.

These concerns led Congress to enact the Sentencing Reform Act of 1984, "overhaul[ing] federal sentencing practices." *Id.* at 325. The Sentencing Reform Act established the United States Sentencing Commission, which was directed to promulgate sentencing guidelines that would replace indeterminate sentencing and parole with "a range of determinate sentences for categories of offenses and defendants." *Id.* (quoting *Mistretta,* 488 U.S. at 368). Congress also specified in the new statute that a "court may not modify a term of imprisonment once it has been imposed" with certain exceptions. 18 U.S.C. § 3582(c). One such exception allowed a court to "reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A), (A)(i). As enacted in 1984, the Sentencing Reform Act permitted such a reduction only "upon motion of the Director of the Bureau of Prisons." 18 U.S.C. § 3582(c)(1)(A) (Effective: Nov. 2, 2002 to Dec. 20, 2018). These motions, sometimes referred to

as "compassionate release" motions, became the means by which defendants sought a sentence reduction that would result in immediate release.

Congress also instructed the Sentencing Commission to promulgate "general policy statements regarding . . . the appropriate use of" such sentence reductions. 28 U.S.C. § 994(a)(2). Accordingly, the Sentencing Commission promulgated U.S.S.G § 1B1.13 describing circumstances under which a court may find an extraordinary and compelling reason for a sentence reduction. Later, Congress amended § 3582(c)(1)(A) as part of the First Step Act of 2018, which amendment, for the first time, permitted motions for a sentence reduction based on extraordinary and compelling reasons to be filed by defendants. 18 U.S.C. § 3582(c)(1)(A) (Effective: December 21, 2018). But the Sentencing Commission's opportunity to amend § 1B1.13 was delayed due to the fact that shortly after the enactment of the First Step Act the Sentencing Commission lost its quorum, which it did not regain until 2022. *Sentencing Guidelines for United States Courts*, 88 FR 28254-01.

During that hiatus, the Seventh Circuit, along with nearly all other circuits, determined that § 1B1.13 was inapplicable to motions by prisoners since that section addressed only motions filed by the Director of the BOP. The appellate courts based their reasoning on the fact that the Sentencing Commission had not updated its policy statements to implement the First Step Act. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020).[1] This left the parameters of what

---

[1] *Compare United States v. Ruvalcaba*, 26 F.4th 14, 21 (1st Cir. 2022) (holding § 1B1.13 did not apply to prisoner filed motions); *United States v. Brooker*, 976 F.3d 228, 236 (2d Cir. 2020) (same); *United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021) (same); *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020) (same); *United States v. Shkambi*, 993 F.3d 388, 392-93 (5th Cir. 2021) (same); *United States v. Jones*, 980 F.3d 1098, 1110 (6th Cir. 2020) (same); *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam) (same); *United States v. McGee*, 992 F.3d 1035, 1050 (10th Cir. 2021) (same); *United States v. Long*, 997 F.3d 342, 359 (D.C. Cir. 2021) (same), *with United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021) (holding that § 1B1.13 governed all motions under § 3582(c)(1)(A)).

constituted an "extraordinary and compelling reason for release" in our circuit to a district judge's discretion constrained by the Seventh Circuit's forewarning that "a judge who strikes off on a different path [from § 1B1.13 as a working definition of extraordinary and compelling reasons] risks an appellate holding that judicial discretion has been abused." *Id.*.

Another split among the circuits arose during this time over whether a non-retroactive change in the law might constitute an extraordinary and compelling reason for release. The Seventh Circuit ruled that such a change does not. *See United States v. Thacker*, 4 F.4th 569, 575 (7th Cir. 2021) (holding that a non-retroactive change to statutory mandatory minimum sentence was not extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i) and that a district court cannot consider such a change, whether alone or in combination with any other factor, when determining whether a defendant has established extraordinary and compelling reasons potentially warranting a sentence reduction). As summarized by the Seventh Circuit:

> When deciding whether "extraordinary and compelling reasons", 18 U.S.C. § 3582(c)(1)(A)(i), justify a prisoner's compassionate release, judges must not rely on non-retroactive statutory changes or new judicial decisions. . . . There's nothing "extraordinary" about new statutes or caselaw, or a contention that the sentencing judge erred in applying the Guidelines; these are the ordinary business of the legal system, and their consequences should be addressed by direct appeal or collateral review under 28 U.S.C. § 2255.

*United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022) (cleaned up); *see also United States v. Von Vader*, 58 F.4th 369, 371 (7th Cir. 2023) (quoting *United States v. Brock*, 39 F.4th 462, 466 (7th Cir. 2022) ("Judicial decisions, whether characterized as announcing new law or otherwise, cannot alone amount to an extraordinary and compelling circumstance allowing for a sentence reduction")). In so deciding, the Seventh Circuit sided with a bare majority of other circuits. *Compare United States v. Andrews*, 12 F.4th 255, 260–62 (3d Cir. 2021) (holding that non-retroactive changes in law are not permissible considerations); *United States v. McMaryion*, 64

F.4th 257, 259–60 (5th Cir. 2023) (same); *United States v. McCall*, 56 F.4th 1048, 1061 (6th Cir. 2022) (en banc) (same); *United States v. Crandall*, 25 F.4th 582, 585–86 (8th Cir. 2022) (same); and *United States v. Jenkins*, 50 F.4th 1185, 1198, 1198 (D.C. Cir. 2022) (same), *with Ruvalcaba*, 26 F.4th at 16, 26–28 (holding that non-retroactive changes in sentencing law may be considered in light of a defendant's particular circumstances); *McCoy*, 981 F.3d at 286–88 (same); *United States v. Chen*, 48 F.4th 1092, 1098 (9th Cir. 2022) (same), and *United States v. McGee*, 992 F.3d 1035, 1047–48 (10th Cir. 2021) (same).

After the Sentencing Commission regained a quorum in 2022, it promulgated amendments to § 1B1.13. *See* https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023 (last visited May 31, 2024). Among these changes was the addition of two subsections, (b)(6) and (c), which "operate together to respond to a circuit split concerning when, if ever, non-retroactive changes in law may be considered as extraordinary and compelling reasons." *Id.* Subsection (b)(6) provides:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

§ 1B1.13(b)(6). This provision must be read in tandem with subsection (c) as follows:

> Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

§ 1B1.13(c).

The Commission submitted this change, among other amendments, to Congress on April 27, 2023. *See* https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023 (last visited May 31, 2024). Congress took no action to specifically modify or disapprove of these amendments; thus, they became effective on November 1, 2023. *Id.*; *see* 28 U.S.C. § 994(p).

### III.
### Discussion

To summarize the current state of the law governing compassionate release motions, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Prior to the Sentencing Commission's promulgation of the current guidelines interpreting § 3583(c)(1)(A)(i), the Seventh Circuit had held that a district court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *Gunn*, 980 F.3d at 1180–81. The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Robinson relies on § 1B1.13(b)(6) in his pending motion, citing the disparity between the sentence he actually received (35 years) and the sentence he might receive if he were sentenced today, which he contends establishes an extraordinary and compelling reason to order his immediate release. Specifically, he maintains that the two stacked mandatory minimum sentences

8

of 5 years and 20 years on his 924(c) convictions for Counts 2 and 4 would be much lower today than they were at the time of sentencing. *Id.* at 5.

The Government opposes Mr. Robinson's motion on three grounds: first, according to the decisions in *Thacker* and its progeny, the Sentencing Commission in promulgating § 1B1.13(b)(6) exceeded its authority. Dkt. 44 at 16–25. Next, the Government maintains that this guidelines provision is invalid because it undermines Congress's established statutory scheme for sentence reductions. *Id.* at 25–29. Third, the Government contends that § 1B1.13(b)(6) should be deemed invalid because it violates separation of powers principles. *Id.* at 29–31. Mr. Robinson responds to the Government's arguments contending that the Sentencing Guidelines constitute binding authority under § 3583(c)(1)(A) which the Court is required to follow. Dkt. 47 at 2

We understand the guidance of the Sentencing Commission to be entitled to substantial deference, though that deference is not unlimited. *United States v. Santoyo*, 146 F.3d 519, 524 (7th Cir. 1998). "When the statute grants the agency an express delegation of authority to elucidate a specific provision of [a] statute by regulation, the agency's construction of the statute is permissible, and the regulation will be controlling, unless the regulation is arbitrary, capricious, or manifestly contrary to the statute." *Arnett v. Comm'r*, 473 F.3d 790, 793 (7th Cir. 2007) (quoting *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 857, (1984)) (cleaned up); *see also United States v. Mead Corp.,* 533 U.S. 218, 227 (2001). Here, given the Seventh Circuit's interpretation of the statute in *Thacker* and its progeny, the Commission's interpretation must yield to judicial determinations.

In *Thacker*, the Seventh Circuit provided a plain and unequivocal answer to the question of whether a statutory change "can constitute an extraordinary and compelling reason for a sentencing reduction" by stating that "[i]t cannot." *Thacker*, 4 F.4th 576. The Court characterized

9

its holding as answering that question "squarely and definitively." *Id.* This holding has been cited and relied upon by our circuit in numerous subsequent opinions, including those cases which encompass new judicial determinations as well as new statutory changes. *See, e.g.*, *United States v. Brock*, 39 F.4th 462, 466 (7th Cir. 2022) ("Judicial decisions, whether characterized as announcing new law or otherwise, cannot alone amount to an extraordinary and compelling circumstance allowing for a sentence reduction."); *United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022). Given these precedential determinations, we hold that § 1B1.13(b)(6) is contrary to statute and the Sentencing Commission's view to the contrary is not entitled to deference.

Our approach is consistent with that taken by other district courts in this circuit. *See United States v. Garza*, 2023 WL 7298975, at *1 (N.D. Ind. Nov. 6, 2023) (holding that the defendant is unable to pursue his compassionate release motion in light of *Thacker* without acknowledgment of the 2023 guidelines amendments); *United States v. Black*, 2024 WL 449940, at *12 (N.D. Ill. Feb. 6, 2024) (holding that the court could not defer to the Sentencing Commission's interpretation of statute and must apply *Thacker*).[2] Moreover, the Third Circuit has recently "reaffirmed that

---

[2] The Court recognizes, however, that other district judges, including even within our own district, have found it appropriate to decline to follow *Thacker* or their circuit's *Thacker*-analogous circuit opinions. *See, e.g.*, *United States v. Spradley*, 2024 WL 1702873, at *1 (S.D. Ind. Apr. 18, 2024); *United States v. Capps*, 2024 WL 880554, at *7 (E.D. Mo. Jan. 31, 2024); *United States v. Brown*, 2024 WL 409062, at *6 (S.D. Ohio Feb. 2, 2024); *United States v. Bricker*, 2024 WL 934858, at *2 (N.D. Ohio Mar. 5, 2024); *United States v. Skeeters*, 2024 WL 992171, at *1 (E.D. Pa. Mar. 7, 2024). Recognizing that this issue is a close call, we acknowledge two post-*Thacker* developments below.

First, after the *Thacker* opinion was issued but prior to the enactment of § 1B1.13(b)(6), the Seventh Circuit expressly stated its hope that either the Sentencing Commission or the Supreme Court would resolve the circuit split on the issue, and, after the enactment of § 1B1.13(b)(6), recognized the rule on at least two occasions. *United States v. Williams*, 65 F.4th 343, 349 (7th Cir. April 13, 2023); *United States v. Williams*, 2023 WL 8868502, at *1 n.1 (7th Cir. Dec. 22, 2023); *United States v. Moore*, 2024 WL 890003, at *1 (7th Cir. Mar. 1, 2024). Second, the Government has consistently opposed a writ of certiorari to resolve the question of whether changes in law can be considered extraordinary and compelling reasons for a sentence reduction on the grounds that

nonretroactive changes in sentencing laws are not, by themselves, extraordinary and compelling reasons warranting sentence reduction." *United States v. Kramer*, 2024 WL 313389, at *3 (3d Cir. Jan. 26, 2024). (The Third Circuit acknowledged that it may later address the amended guidelines effect on the validity of its prior holding prohibiting a district court from such a conclusion where a case presents the question directly. *United States v. Stewart*, 86 F.4th 532, 535 (3d Cir. 2023).)

For these reasons, based on *Thacker* and its progeny, we hold that Sentencing Guideline § 1B1.13(b)(6) is not controlling here. Any post-sentencing changes in the law affecting Mr. Robinson therefore do not constitute an extraordinary and compelling reason for his release. Thus, Mr. Robinson's attempt to establish that an extraordinary and compelling reason exists for his release based on a change in law falters as a matter of law.

Mr. Robinson's second basis for seeking a sentence reduction—the risk to his physical health presented by COVID-19—is not an extraordinary and compelling reason to release him, either considered by itself or in combination with any other reason. The Seventh Circuit has held that "for the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Mr. Robinson has presented no evidence

---

the Sentencing Commission should be entrusted with resolving issue. *See e.g.*, Memorandum For the United States in Opposition to Grant of Certiorari, *Thacker v. United States*, No. 21-877, 2022 WL 467984 (U.S. Feb. 14, 2022).

These two developments may well signal that a change in the Seventh Circuit's position is in the offing, such that future rulings by the appellate court will take a different course, but for now, its precedent is clear, and our obligation is to follow it, which we do here in both our analysis and our conclusion.

11

regarding whether he is vaccinated and has presented no evidence that he is unable to receive or benefit from the vaccine.

In addition, Mr. Robinson "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). He has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Cochran*, 2022 WL 1236336, at *1 (7th Cir. Jan. 18, 2022); *United States v. Hoskins*, 2022 WL 2187558, at *1 (7th Cir. June 16, 2022) (emphasizing that a defendant needs individualized evidence of why, despite his vaccination, his medical risks are extraordinary compared to the general population). If a prisoner "would remain at comparable risk outside prison, the possibility of infection cannot be described as an 'extraordinary and compelling' consideration supporting release." *United States v. Vaughn*, 62 F.4th 1071, 1072 (7th Cir. 2023); *see also United States v. Santana-Cabrera*, 2023 WL 2674363, at *2 (7th Cir. Mar. 29, 2023). For these reasons, the Court holds that Defendant has failed to carry his burden to show that the risk he faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A), whether considered as a single factor or in combination with any other factor. *Barbee*, 25 F.4th at 533; *Vaughn*, 62 F.4th at 1072.[3]

Mr. Robinson also cites as extraordinary and compelling reasons warranting his immediate release the living conditions in the BOP, including frequent lockdowns, deficiencies in healthcare,

---

[3] The United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. U.S.S.G. § 1B1.13 (Nov. 2023). The Court notes that one such circumstance relates to the outbreak of infectious disease in prisons. However, Defendant has not met the criteria for establishing "extraordinary and compelling reasons" based on these amended guidelines. *See* U.S.S.G. § 1B1.13(b)(1)(D) (Nov. 2023).

and lack of quarantine space. Dkt. 38 at 19. Allegations that the BOP has failed to provide protection from COVID-19 and subjected him to dangerous conditions thus violating Mr. Robinson's constitutional rights might form the basis for relief in a civil suit, but such allegations are not grounds for a sentence reduction under § 3582(c)(1)(A). *See United States v. Miller*, No. 21-1600, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022) ("[T]o the extent that Miller challenges the conditions and medical care at [the prison] more generally, a compassionate-release motion is not the right vehicle.") (cleaned up).

Further, every inmate at the facilities in which Mr. Robinson has been housed during his incarceration, and indeed, many inmates across the country, have due to the pandemic dealt with similar issues over the past few years. Mr. Robinson has not shown that his situation is extraordinary compared to other inmates. *United States v. Khelifi*, No. 21-3144, 2022 WL 3925623, at *1 (7th Cir. Aug. 31, 2022) (finding no extraordinary and compelling circumstances where prisoner did not provide individualized evidence for his argument that his prison mishandled the risks of the pandemic). Thus, Mr. Robinson has failed to carry his burden to show that this is an extraordinary and compelling reason for release, whether considered alone or in conjunction with any other reason.

Mr. Robinson also maintains that a combination of factors, including his rehabilitation, changes in the law affecting his sentence, and his age together demonstrate an extraordinary and compelling reason for release. Dkt. 47 at 30. We have previously held that the statutory change to the 924(c) stacking provisions does not constitute an extraordinary and compelling reason for release even in combination with any other reason. We have ruled that the defendant's age also does not constitute extraordinary and compelling reasons in combination with rehabilitation. Obviously, service of a long sentence inevitably leads to the aging of the defendant. There is

nothing extraordinary about a rehabilitated defendant having reached an age much older than he was when he committed his crimes.

Mr. Robinson's final, potentially extraordinary and compelling reason for a sentence reduction is his rehabilitation. While the self-improvement and progress made by Mr. Robinson while incarcerated are, indeed, commendable, rehabilitation alone cannot constitute an extraordinary and compelling reason sufficient to warrant a reduction of his sentence. *See* 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d) (Nov. 2023); *United States v. Peoples*, 41 F.4th 837 (7th Cir. 2022) ("We cannot read § 3582(c) to permit good prison conduct and rehabilitation alone to override Congress's determinate sentencing scheme. . . . [R]ehabilitation cannot serve as a standalone reason for compassionate release.") (cleaned up). Accordingly, we hold that Mr. Robinson's rehabilitation, whether considered alone or in conjunction with any other reason, is not an extraordinary and compelling reason to grant him compassionate release.

In conclusion, none of Mr. Robinson's grounds for arguing that extraordinary and compelling reasons exist warranting his immediate release are persuasive, whether considered individually or together. We do not address whether he would be a danger to the community or whether any of the sentencing factors listed at 18 U.S.C. § 3553(a) weigh in favor of his release.

## IV.
## Conclusion

For the reasons discussed above, Mr. Robinson's motion for compassionate release, dkt. [38], is **denied**.

SO ORDERED.

Date: 05/31/2024

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Richard Robinson
Register Number: 05548-028
FCI Greenville
Federal Correctional Institution
P.O. Box 5000
Greenville, IL 62246