AO 247 (Rev. 03/19)  Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)                    Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
### for the
Southern District of Indiana

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| RICHARD DURRAND ROBINSON | ) | Case No: 1:97-cr-00056-SEB-MG-1 |
| | ) | USM No: 05548-028 |
| Date of Original Judgment: _11/25/1997_ | ) | |
| Date of Previous Amended Judgment: _____ | ) | |
| *(Use Date of Last Amended Judgment if Any)* | | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.  ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .
*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated _11/25/1997_ shall remain in effect.
**IT IS SO ORDERED**.

Order Date: _5/2/2025_

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Effective Date: _____
*(if different from order date)*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:97-cr-00056-SEB-MG |
| | ) | |
| RICHARD DURRAND ROBINSON, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO REDUCE SENTENCE**

Pending before the Court is Petitioner Richard Durrand Robinson's Motion to Reduce Sentence

filed pursuant to USSG Amendment 821 [Dkts. 58 & 63].  The Government has filed its

response in opposition to the motion.

Being duly advised, the Court hereby **DENIES** the motion, finding Petitioner ineligible

for a reduced sentence based on this amendment to the Sentencing Guidelines for the reason that

applying the Amendment would not result in a reduction of Petitioner's original guideline range.

USSG § 1B1.10.

Pursuant to the holding in Dillon v. U.S., 560 U.S. 817, 824 (2010) and the requirements

set out in the applicable statutes (ie, 18 U.S.C. § 3582(c)(2) and the Sentencing Guidelines (§§

4A1.1(a) and (e)),  the changes effectuated by Amendment 821 to the Guidelines do not apply to

Petitioner because his original guideline range would not be reduced, thus making him ineligible

for a reduced sentence.  To qualify for relief under § 3582(c)(2), a petitioner's sentencing range

must be lowered by the Amendment.

Part A of Amendment 821 alters the status points provision regarding the criminal history

(USSG § 4A1.1(e)) directing the addition of a single point (rather than as directed 2 under the

original guidelines formulation), if the defendant received 7 criminal history points and committed the office while under criminal justice sentence as specified. Petitioner Robinson had received 2 points for committing this offense while under a criminal justice sentence (i.e. probation). He received an additional point because this offense was committed less than 2 years following his release for a prior conviction.

Part B of Amendment 821 allows for a 2-level reduction for (many) offenders who had zero criminal history points; it is inapplicable here because Mr. Robinson had more than zero criminal history points.

Petitioner Robinson's guideline range for Counts 1 and 3 was 100-125 months, and Counts 2 and 4, which provided for separate consecutive sentences of 5 and 20 years, respectively, resulted in a sentence of 120 months on Counts 1 and 3 to be served concurrently with sentences of 5 and 20 additional years. His current anticipated release date is November 1, 2027. Petitioner Robinson had 9 criminal history points as a part of his sentencing guideline computation. After applying § 4A1.1(e), he would have 7 criminal history points but his criminal history score of IV, remains unchanged, since it encompasses criminal history scores from 6 to 9. Accordingly, the Amendment does not affect his overall sentence. To be eligible for relief, the sentencing range must be lowered by the applicable amendment. He is therefore ineligible and his motion for reduction of sentence must be denied.

Additionally, Petitioner Robinson's Motions Requesting Status [Dkts. 66 & 67] are **DENIED AS MOOT**.

IT IS SO ORDERED.

Date: _____5/2/2025_____

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Counsel of record via CM/ECF

Electronic Notice to U.S. Probation Office

RICHARD DURRAND ROBINSON
05548-028
FCI GREENVILLE FEDERAL CORRECTIONAL INSTITUTION
PO BOX 5000
GREENVILLE, IL 62246